

225

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable R. L. Crosier
County Attorney
Johnson County
Cleburne, Texas

Dear Sir:

Opinion No. O-4450
Re: Motor vehicles - overloading -
Sections 5 and 6 of Article
827a, Vernon's Annotated Penal
Code - carving offenses

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"Article 827A, Section 5, Vernon's Annotated Texas Statutes sets out the formula for determining maximum gross weight for commercial vehicles, and Section 6 thereof provides for weight inspectors of the Department of Public Safety to enforce the provisions of this law.

"Complaint has been made of certain weight inspectors filing cases against violaters for each wheel of the vehicle upon which there was an over-weight load, when only one transaction was involved. In one case a certain truck had six wheels and six separate cases were filed in the Justice Court for one single excess load and one single transaction.

"It is my opinion that clearly only one offense could be carved out of this transaction notwithstanding that the Article referred to provides for maximum weight upon each tire. However, I would appreciate an opinion from your Department in regard to whether the weight inspectors are authorized to file several cases on the same transaction. I, therefore, submit the following inquiry:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable R. L. Crosier, Page 2

"'Where only one transaction is involved, can more than one complaint be filed against a violater, involving separate offenses for each tire upon which there is an over-weight load.'"

Section 5 of Article 827a, Vernon's Annotated Texas Penal Code, reads as follows:

"Except as otherwise provided by law, no commercial motor vehicle, truck-tractor, trailer or semi-trailer, nor combination of such vehicles, shall be operated over, on, or upon the public highways outside the limits of an incorporated city or town, the total gross weight of which exceeds that given by the following formula:

"W equals C times (L plus 40), where

"W equals total gross weight, including load and vehicle, in pounds;

"C equals 700;

"L equals the distance between the first and last axles of a vehicle or combination of vehicles, in feet.

"Under the foregoing formula, the gross weight is ascertained by adding forty (40) to the distance in feet between the first and last axles of a vehicle or combination of vehicles and multiplying this sum by seven hundred (700). Provided, however, the gross weight shall never exceed thirty-eight thousand (38,000) pounds.

"Provided, however, the gross weight permitted by the foregoing formula shall be subject to the following restrictions and limitations:

"No such vehicle nor combination of vehicles shall have a greater weight than six hundred (600) pounds per inch width of tire upon any wheel concentrated upon the surface of the highway and using high-pressure tires, and a greater weight than six hundred and fifty (650)

pounds per inch width of tire upon any wheel concentrated upon the surface of the highway and using low-pressure tires, and no wheel shall carry a load in excess of eight thousand (8,000) pounds on high-pressure tires and nine thousand (9,000) pounds on low-pressure tires, nor any axle a load in excess of sixteen thousand (16,000) pounds on high-pressure tires, and eighteen thousand (18,000) pounds on low-pressure tires. An axle load shall be defined as the total load on all wheels whose centers may be included between two parallel transverse vertical planes forty (40) inches apart."

Section 6 of Article 827a, Vernon's Annotated Texas Penal Code, reads as follows:

"Any license and weight inspector of the Department of Public Safety, any highway patrolman or any sheriff or his duly authorized deputy having reason to believe that the gross weight of a loaded vehicle is unlawful is authorized to weigh the same by means of portable or stationary scales furnished or established by the Department of Public Safety, or cause the same to be weighed by any public weigher, and to require that such vehicle be driven to the nearest available scales in the direction of destination, for the purpose of weighing. In the event the gross weight of any such vehicle be found to exceed the maximum gross weight authorized by law, such license and weight inspector, highway patrolman, sheriff, or his duly authorized deputy shall demand and require the operator or owner thereof to unload such portion of the load as may be necessary to decrease the gross weight of such vehicle to the maximum gross weight authorized by law. Provided, however, that if such load consists of livestock, perishable merchandise, or merchandise that may be damaged or destroyed by the weather, then such operator shall be permitted to proceed to the nearest practical unloading point in the direction of destination before discharging said excess cargo. The officers named herein are the only officers authorized to enforce the provisions of this Act."

Honorable R. L. Crosier, Page 4

Section 9c of Article 827a, Vernon's Annotated Texas Penal Code, reads as follows:

"(a) Any person, corporation, receiver or association who violates any provisions of Section 5 of this Act (the Section fixing the gross weight of commercial motor vehicles) shall, upon conviction, be punished by a fine of not less than Twenty-five Dollars ($25), nor more than Two Hundred Dollars ($200); for a second conviction within one year thereafter such person, corporation, receiver, or association shall be punished by a fine of not less than Fifty Dollars ($50) nor more than Two Hundred Dollars ($200) or imprisonment in the county jail for not more than sixty (60) days or by both such fine and imprisonment; upon a third or subsequent conviction within one year after the second conviction such or subsequent conviction within one year after the second conviction such person, corporation, receiver or association shall be punished by a fine of not less than One Hundred Dollars ($100) nor more than Five Hundred Dollars ($500) or by imprisonment in the county jail for not more than six (6) months, or by both such fine and imprisonment. It shall be the duty of the judge of the court to report forthwith to the Department of Public Safety any convictions obtained in his court under this Section and it shall be the duty of the Department of Public Safety to keep a record thereof.

"(b) If any corporation is convicted for the violation of any provision of this Act and fails to pay the fine assessed, the district or county attorney in the county in which such conviction was had is hereby authorized to file suit in a court of competent jurisdiction against such corporation to collect such fine."

Section 242, Criminal Law, pages 561-2, 12 Texas Jurisprudence, reads as follows:

"§ 242 - Prosecution for Part of Single Crime. - The state may not split up one crime and prosecute it in parts, and a prosecution for any part of a single crime bars any further prosecution for the whole or a part of

the crime. Where the act charged constitutes but one crime, though it is divisible into different parts or degrees, the state may cut or carve out of it but one offense, and having prosecuted and convicted the defendant of this offense, may not prosecute further the transaction out of which the offense was carved. As large an offense may be carved out of the transaction as possible, yet the state may cut only one. So where several articles of property are stolen at the same time and place a conviction for stealing part of them will bar a subsequent prosecution for stealing any of the other articles. This doctrine of carving applies with more force to a former conviction than to an acquittal."

In a prosecution for unlawfully selling liquor, where from the State's evidence it appeared that the defendant possessed a quart of whiskey and sold it to a state witness, the State, having carved from the transaction the offense of unlawful sale, and having secured a conviction therefor, is precluded from carving another offense from the same transaction. See Whitten v. State, 250 S. W. 165.

The case of Spannell v. State, 203 S. W. 357, holds that a defendant acquitted of murdering his wife cannot be prosecuted under a separate indictment for the murder of another killed by the same act.

The case of Coon v. State, 263 S. W. 914, holds that if charges of "transportation" of liquor and "possession for purposes of sale" were both based on the same criminal act, a former conviction or acquittal in a former prosecution would bar a prosecution for the other charge.

The case of Sproson v. State, 122 S. W. (2d) 643, holds that where one who had pleaded guilty to a charge of transporting intoxicating liquor in dry territory could not be thereafter convicted of possessing the same liquor in dry territory for the purpose of sale, since to do so would be putting him twice in jeopardy for the same offense.

It is our opinion that you have correctly answered the question.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning

APPROVED MAY 4, 1942

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN